98 F.3d 1333
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
RUSCO STEEL COMPANY, Plaintiff-Appellee,
v.
ATKINSON-KIEWIT, J/V, etc., et al., Defendants-Appellants.
 No. 95-2290.
 United States Court of Appeals, First Circuit.
 Oct. 25, 1996.
 
 John D. Deacon, Jr. for appellants.
 Holly R. Rao, with whom Olenn & Penza was on brief for appellee.
 D.R.I.
 APPEAL DISMISSED.
 Before TORRUELLA, Chief Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.
 PER CURIAM.
 
 
 1
 This case comes before us on appeal from the district court's grant of partial summary judgment to appellees Rusco Steel Company ("Rusco"). At all times relevant to this case, Rusco was a subcontractor to Atkinson-Kiewit Joint Venture ("Atkinson") on the Jameson Bridge project in Rhode Island. Plaintiff Richard Cosimini worked for Rusco on the project. He brought the original action against Atkinson after he was injured during the course of his employment with Rusco on the Jamestown Bridge project. Atkinson then filed a third party complaint against Rusco, claiming, in part, that Rusco failed to procure certain insurance as required by the contract. After determining that Rusco had in fact procured the insurance, Atkinson voluntarily dismissed the related counts without prejudice. Thereafter, Rusco and Atkinson brought cross motions for summary judgment on another issue related to the scope of the insurance coverage. In an amended decision, the district court granted Rusco partial summary judgment on the insurance procurement issue that had previously been dismissed. This appeal ensued.
 
 
 2
 After Atkinson filed its brief in this appeal, the parties settled their dispute through this court's Civil Appeals Management Program (CAMP). Under the rules of this court governing CAMP, parties may be directed to consider the possibility of settlement. See First Circuit Rule 47.5. Under the terms of the settlement, all pending appeals and issues were dismissed, except for the grant of partial summary judgment to Rusco, the issue from which Atkinson now appeals.
 
 
 3
 The settlement of the underlying controversy in this case renders the issue on appeal moot. United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395-97 (1980). "It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.' " Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir.1996) (citations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, § 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).
 
 
 4
 "As a general rule, when a case becomes moot on appeal--or an aspect thereof--we vacate the district court's decision and remand with a direction to dismiss."[1] Newspaper Guild of Salem v. Ottaway Newspapers, Inc., 79 F.3d 1273, 1285 n. 15 (1st Cir.1996); see also United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss."). We vacate a lower court's judgment in order to "clear[ ] the path for future relitigation of the issues between the parties and eliminate[ ] a judgment, review of which was prevented through happenstance." Munsingwear, 340 U.S. at 40.
 
 
 5
 We may vacate the district court's judgment under the Munsingwear rule only when mootness arises through "happenstance," Munsingwear, 340 U.S. at 40, or through no voluntary action on the part of the losing party below. U.S. Bancorp, 115 S.Ct. at 392. "Where mootness results from settlement ... the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." Id. The Munsingwear rule of vacatur upon mootness does not include typical settlement situations in which the losing party below voluntarily agrees to a settlement rendering the case or controversy before the court moot. In settlement cases, only exceptional circumstances will sway the equities in favor of vacatur. Id. at 393.
 
 
 6
 Such exceptional circumstances are not present here. Although Atkinson sought in the settlement process to preserve this issue for appeal, the parties cannot by their agreement keep this case ripe for appeal. Id. (noting that "exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur"). By voluntarily agreeing to settle this case during the pendency of the appeal, Atkinson's actions rendered the underlying dispute moot. In a sense, then, Atkinson "voluntarily abandoned review," id., and is not entitled to the equitable measures it now seeks before this court.
 
 
 7
 In conclusion, the issue before us has been mooted by the parties' voluntary settlement of the underlying controversy. There being no exceptional circumstances in this case that warrant vacatur, we dismiss the appeal.
 
 
 8
 So ordered. No costs to either party.
 
 
 
 [1]
 The party seeking vacatur bears the burden of showing that it is entitled to such equitable relief. U.S. Bancorp, 115 S.Ct. at 392